# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

TRONE HEALTH SERVICES, INC.;   )
REDDISH PHARMACY, INC.;   )
JABOS PHARMACY, INC.; OAK TREE   )
PHARMACY, INC.; and AMRUT JAL, LLC,   )
   )
      Plaintiffs,   )
   )
      v.   )   No. 4:16CV1250 RLW
   )
EXPRESS SCRIPTS HOLDING COMPANY;   )
EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS   )
MAIL ORDER PROCESSING, INC.; and   )
EXPRESS SCRIPTS MAIL PHARMACY   )
SERVICES, INC.,   )
   )
      Defendants.   )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' First

Amended Complaint (ECF No. 27). The motion is fully briefed and ready for disposition.

## I. Background

Plaintiffs, who are retail pharmacies, filed an action in federal court claiming that

Defendants Express Scripts Holding Company ("ES Holding"), Express Scripts, Inc. ("ESI"),

Express Scripts Mail Order Processing, Inc. ("ES Mail Order"), and Express Scripts Mail

Pharmacy Services, Inc. ("ES Mail Pharmacy") (collectively "Defendants") engaged in the "anti-

competitive and unfair practice of stealing Plaintiffs' (retail pharmacies) customer information

and prescription data and using it to divert Plaintiffs' customers to Defendants' own mail order

pharmacy business." (First Amended Compl. ("FAC") ¶ 1, ECF No. 9) The claims stem from

contracts between Plaintiffs and Defendant ESI to participate in a retail pharmacy network

affiliated with ESI's services as a pharmacy benefit manager ("PMB"). ESI contracts with

health plans and third-party payors such as insurers ("Plan Sponsors") to manage delivery of prescription drugs to plan members and their beneficiaries ("Members"). Plan Sponsors provide confidential information regarding the Members to ESI to enable ESI to manage the prescription drug benefits for its Plan Sponsors. Plan Sponsors may also contract with ESI to allow Members to fill prescriptions at ESI's mail ordered pharmacies. When a Member fills a prescription at a retail pharmacy, such as those run by Plaintiffs, ESI verifies coverage, copayment information, possible drug interactions, and amount of reimbursement owed to the pharmacy. However, Plaintiffs contend that ESI uses this confidential information to forcibly switch Plaintiffs' customers to Defendants' mail order pharmacies and prohibit Plaintiffs from supplying any refills for those prescriptions.

On August 1, 2016, Plaintiffs filed a putative class action Complaint in federal court. Plaintiff filed their First Amended Complaint on December 21, 2016. In the First Amended Complaint, which eliminates Plaintiffs' class allegations, Plaintiffs allege claims for attempted monopolization against all Defendants (Count I), unfair competition against all Defendants (Count II), breach of contract against ESI (Count III), breach of implied covenant of good faith and fair dealing against ESI (Count IV), interference with prospective economic advantage against all Defendants (Count V), violation of Uniform Trade Secrets Act against all Defendants (Count VI), and fraud against ESI (Count VII). Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on March 3, 2017, arguing that the agreements between the parties control, and that Plaintiffs have failed to state a plausible claim for relief.

## II. Discussion

Defendants move for dismissal of Plaintiffs' First Amended Complaint on the basis that the requirements of the agreements between the parties mandates that the parties attempt to resolve their claims before proceeding to litigation. Specifically, § 7.15 of the Pharmacy Provider Agreement ("Agreement") provides:

> **Dispute Resolution.** Except as provided here in, prior to either party taking any legal action in connection with this Agreement, both parties agree to meet in good faith to resolve any claim or controversy ("Claim"), whether under federal or state statutory or common law, brought by either ESI or the Provider against the other, or against the employee, members, agents or assigns of the other, arising from or relating in any way to the interpretation or performance of this Agreement. The aggrieved party shall notify the other party of its Claim including sufficient detail to permit the other party to respond. The parties agree to meet and confer in good faith to resolve any Claims that may arise under this Agreement for a period of not less than thirty (30) days. In the event the parties cannot resolve any Claims pursuant to Good Faith Discussions and the minimum thirty (30) day period has been met, then the aggrieved party may end discussions with the other party by providing written notice to the other party of intent to cease discussions. Thereafter, the parties may proceed to litigation.

(Agreement § 7.15, ECF No. 18) Defendants assert, and Plaintiffs do not dispute, that Plaintiffs did not comply with the provisions of § 7.15. Instead, Plaintiffs argue that only Plaintiffs and ESI are parties to the contract such that there is no basis for dismissing the claims against the other Defendants. Further, Plaintiffs contend that the provision does not bar filing a lawsuit absent pre-suit mediation, does not state that informal negotiation is a condition precedent to filing a suit, and does not provide that an action filed without pre-suit mediation would be subject to dismissal. Finally, Plaintiffs assert that any mediation would have been futile. Plaintiffs maintain that, at most, the provision justifies a stay pending mediation and not dismissal.

The Court finds that the terms of the Agreement warrant dismissal of this action against ESI. "Several courts have determined that dismissal of an action is warranted when there has

3

been a failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to litigation." *Union Elec. Co. v. Energy Ins. Mut. Ltd.,* No. 410-CV-1153CEJ, 2011 WL 98555, at *2 (E.D. Mo. Jan. 10, 2011), *rev'd and remanded on other grounds,* 689 F.3d 968 (8th Cir. 2012). "When parties to a contract bind themselves to complete certain prerequisites prior to commencing litigation (thereby agreeing that the other party will not be subject to a court's jurisdiction until there is mutual compliance with that condition), 'the appropriate remedy is to dismiss the action.'" *Dominion Transmission, Inc. v. Precision Pipeline, Inc.,* No. 3:13cv442-JAG, 2013 WL 5962939, at *4 (E.D. Va. Nov. 6, 2013) (quoting *Tattoo Art, Inc. v. Tat Int'l, LLC,* 711 F. Supp. 2d 645, 651 (E.D. Va. 2010)).

"Interpretation of a contract is a question of law." *Hogan Logistics, Inc. v. Davis Transfer Co., Inc.,* No. 4:16-CV-1541 (CEJ), 2017 WL 1508603, at *2 (E.D. Mo. Apr. 27, 2017) (citation omitted). "'Under Missouri law, determining the meaning of an unambiguous provision is a question of law for the court, determined by giving language its plain and ordinary meaning without resort to extrinsic evidence.'" *Id.* at *3 (quoting *Shaw Hofstra & Assocs. v. Ladco Dev., Inc.,* 673 F.3d 819, 825 (8th Cir. 2012)).

Here, the Agreement unambiguously states that "prior to either party taking any legal action in connection with this Agreement" the parties will meet in good faith to resolve any claim. The Agreement further states that only after such attempt to resolve the claim, and after a minimum 30-day period has been met, the aggrieved party may end discussions by notifying the other party in writing of such intent and may thereafter proceed to litigation. Other than the sentence stating that the aggrieved party ***may*** discontinue discussions by providing written notice and ***may*** file suit, the language in the Agreement contains specific and mandatory, not discretionary, language.

The provision at issue is similar to the agreement in *Tattoo Art*, which stated, "[i]n the event of any dispute arising from this Agreement, the parties agree to submit the dispute to mediation . . . prior to filing any action to enforce this Agreement." 711 F. Supp. 2d at 650. Likewise, in *Hometown Servs., Inc. v. EquityLock Sols., Inc.*, the agreement provided, "[p]rior to initiating any legal action, the initiating Party shall give the other party (30) days written notice of its intent to file an action. During such notice period, the Parties will endeavor to settle amicably by mutual discussions any disputes, differences, or claims whatsoever related to this Agreement." No. 1:13CV304, 2014 WL 4406972, at *2 (W.D.N.C. May 8, 2014), *report and recommendation adopted*, No. 1:13-CV-00304-MR-DLH, 2014 WL 4406973 (W.D.N.C. Sept. 5, 2014). In both cases, the courts dismissed the actions without prejudice, noting that the plaintiffs failed to submit the claims to mediation as required by the terms of the agreements. *See Tattoo Art*, 711 F. Supp. 2d at 651 (dismissing action without prejudice where agreement unambiguously provided that the parties must mediate any dispute arising out of the agreement prior to initiating litigation); *Hometown Servs.*, 2014 WL 4406972, at *3 (finding case was subject to dismissal where plaintiff failed to submit the case to mediation, thereby failing to satisfy the condition precedent to filing a lawsuit arising under the agreement).

Plaintiffs, however, argue that any pre-suit mediation would be futile such that the Court should deny Defendants' Motion to Dismiss. Specifically, Plaintiff relies on *Jefferson v. Fannie Mae* for the proposition that the Court should not require pre-suit mediation because any mediation would be futile. No. 4:13-CV-00604-ALM-CAN, 2016 WL 5339702 (E.D. Tex. July 29, 2016). In *Jefferson*, the court denied defendant's motion to dismiss where the language in the agreement indicated that any arbitration award could be rejected by the plaintiff and would not be binding on the parties. 2016 WL 5339702, at *9. The *Jefferson* court noted that several

courts granted motions to dismiss without prejudice for prematurely filing a claim in court before first proceeding to arbitration. *Id.* (collecting cases). However, the *Jefferson* court found the cases inapplicable to the *Jefferson* case, in which granting defendant's motion for summary judgment would dismiss plaintiff's claims with prejudice and deny plaintiff the opportunity to litigate her claims. *Id.*

Here, the Court finds that dismissal without prejudice is warranted where the parties agreed to complete certain prerequisites prior to commencing litigation. *See, e.g., GenopsGroup LLC v. Public House Invs. LLC,* 67 F. Supp. 3d 338, 344 (D.D.C. 2014) (finding plaintiff's failure to submit its claim to mediation prior to filing suit warranted dismissal without prejudice); *Tattoo Art,* 711 F. Supp. 2d at 652 (dismissing case without prejudice where "Plaintiff failed to satisfy the condition precedent necessary to trigger the right to initiate litigation"); *Hometown Servs.,* 2014 WL 4406972, at *3 (recommending dismissal without prejudice where "Plaintiff failed to submit this case to mediation and, thus, failed to satisfy the condition precedent to filing a lawsuit arising under or relating to the Joint Venture Agreement"); *Dominion Transmission,* 2013 WL 5962939, at *4 (granting defendant's motion to dismiss where the agreement unambiguously required plaintiff to submit any dispute to mediation before commencing litigation"). Further, the fact that the parties may not resolve the case during mediation does not weigh against dismissal. While dismissal of this lawsuit may ultimately prove futile because the parties are not required to resolve the dispute through mediation, "by failing to request mediation prior to filing this lawsuit, Plaintiff[s] denied Defendants the benefit of their bargain." *Tattoo Art,* 711 F. Supp. 2d at 652.

Although Plaintiff also argues in the alternative that the case should be stayed instead of dismissed, the Court has discretion to determine whether stay or dismissal is appropriate. *N-*

*Tron Corp. v. Rockwell Automation, Inc.*, No. 09-0733-WS-C, 2010 WL 653760, at *7 (S.D. Ala. Feb. 18, 2010). In this case, the Court finds that dismissal is warranted to allow the parties to satisfy the condition precedent to filing suit in the first instance as provided by the terms of the Agreement. *Tattoo Art*, 711 F. Supp. 2d at 652.

Finally, Plaintiffs assert that only Plaintiffs and ESI are parties to the contract such that the Defendants have no basis for dismissing the claims against the other Defendants under the Agreement. However, where, as here, the Complaint fails to delineate the roles or actions of the individual Defendants, dismissal of the complaint is appropriate. First, the Dispute Resolution provision under the Agreement applies to claims brought against "members, agents or assigns of the other, arising from or relating in any way to the interpretation or performance of this Agreement." Without determining the legal relationship between ESI and the other Defendants, Plaintiffs' claims against the other Defendants relate to the performance or interpretation of the Agreements between Plaintiffs and ESI. This would ultimately include the other Defendants within the scope of the Dispute Resolution clause.

Further, under the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff must give each Defendant sufficient notice of the claims against it. *Parker v. Chase Home Fin., LLC*, No. , 2011 WL 4972328, at *2 (W.D. Mo. Oct. 19, 2011) (citations omitted). "To put an individual defendant on sufficient notice of the claims against it, a plaintiff must explain each defendant's involvement by informing the defendant of the alleged acts of which it is accused that could result in that defendant's liability. . . . Where a complaint fails to do this, it fails under even the most liberal pleading standard. *Id.* (citing *Frey v. Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995)).

The First Amended Complaint fails to distinguish the actions of ESI from those of the

other Defendants, merely referring to all Defendants collectively as "Express Scripts" or "Defendants", such that the individual Defendants are unable to discern their roles separate and distinct from ESI. Indeed, Plaintiffs' Response in Opposition to the Motion to Dismiss fails to address Defendants' argument that dismissal is warranted where the complaint fails to indicate what each defendant's involvement might be. "'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). The Court finds that the First Amended Complaint is void of factual allegations supporting claims against each individual Defendant such that Plaintiffs have failed to state a claim upon which relief can be granted. Thus, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate as to Defendants Express Scripts Holding Company ("ES Holding"), Express Scripts Mail Order Processing, Inc. ("ES Mail Order"), and Express Scripts Mail Pharmacy Services, Inc. ("ES Mail Pharmacy"). For the reasons stated herein, the Court will dismiss Plaintiff's First Amended Complaint without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 27) is **GRANTED without prejudice.** A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of August, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE